STATE v. JOHN RAINEY.

226 N. W. 2d 919.

March 7, 1975—No. 44273.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Special Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, and Vernon E. Bergstrom and Michael McGlennen, First Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of second-degree murder, Minn. St. 609.19, and sentenced by the trial court to a maximum indeterminate term of not to exceed 40 years' imprisonment, appeals from judgment of conviction. After careful consideration of the issues raised by defendant, we affirm.

Defendant's first contention is that the trial court erred in failing to make findings at the Rasmussen hearing on the question of the voluntariness of incriminating statements he made to police. Defendant further argues that remand for findings is unnecessary because the incriminating statements were, as a matter of law, involuntarily made and that therefore his conviction should be reversed and the case should be dismissed or a new trial ordered. In considering the claim that the trial court erred in not making findings, we have concluded that the trial court's ruling at a Rasmussen hearing should be supported by findings of fact so that it is possible to ascertain from the record the basis for the trial court's ruling. State v. Wicklund, 295 Minn. 402, 201 N. W. 2d 147 (1972). However, because there was absolutely no conflict in the evidence at the Rasmussen hearing in this case, we find no prejudice to defendant in the trial court's failure to provide findings of fact.

Concerning the voluntariness of defendant's statements, it is true that the interrogating officer used leading questions and that he testi-

fied that he had a feeling that defendant was under the influence of something at the time of the interrogation. But it is also true that he testified that he had no trouble communicating with defendant and that defendant had told him that he had not taken any drugs prior to the interview. Beyond this, not only did defense counsel not offer any argument on the motion to suppress, but also defendant at trial made no claim that he had been coerced into saying anything, testifying that he simply had not made the incriminating statements. We fail to see how, on this record, defendant can reasonably argue that the trial court should have concluded that the statements were involuntarily made.

Defendant's second contention, that the trial court erred in failing to instruct the jury, sua sponte, that in considering the issue of intent it could take into account evidence that defendant was under the influence of drugs at the time of the killing, has no merit. As we stated in State v. Jacobs, 292 Minn. 41, 192 N. W. 2d 816 (1971), before the intoxication defense comes into play, a defendant must offer the intoxication as an explanation of his actions. In that case the defendant had entered a guilty plea, but the same principle applies here. Here, defendant made no claim that he was so dazed and befuddled as to lack the intent to commit homicide. Rather, he denied having anything to do with the homicide and, in fact, testified that although he was under the influence of drugs that night he had more than ordinary tolerance for the drug he had been taking during the 12 hours prior to the killing and was very calm and reasonable at all relevant times. Under such circumstances, the trial court certainly was under no obligation to instruct the jury, sua sponte, concerning the defense of intoxication.

Defendant's third and final contention, that the evidence was insufficient to convict, does not merit extended discussion. We believe it sufficient to say that we have carefully read the entire trial transcript and conclude that there was sufficient evidence on which the jury could base its guilty verdict.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.