Rocelyn Tuburan **BRAEND** and obo **MINOR CHILDREN,** Respondent,

v.

Kevin **BRAEND,** Appellant.

No. A05–2522.

Court of Appeals of Minnesota.

Oct. 3, 2006.

---

James J. Street, Southern Minnesota Regional Legal Services, Inc., Saint Paul, MN, for respondent.

James S. Silen, Isanti, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; WILLIS, Judge; and WRIGHT, Judge.

## O P I N I O N

WILLIS, Judge.

This is an appeal from the issuance of a subsequent order for protection. Appellant argues that the district court abused its discretion by making inadequate findings and by misapplying the Domestic Abuse Act, Minn.Stat. § 518B.01 (2004). Appellant also argues that the order for protection prejudices him in the parties' dissolution proceeding and is against public policy. Because we find no abuse of discretion, we affirm.

## FACTS

Appellant Kevin Braend and respondent Rocelyn Braend married in February 1998 and have two children together. It appears from the record available to us that respondent brought an action for legal separation, and appellant petitioned for dissolution. In September 2005, at a hearing for temporary relief in one of those proceedings, a referee granted respondent temporary sole legal and physical custody of the parties' children. Over the three days following the hearing, appellant repeatedly called respondent and left ten voicemail messages on her cellular telephone.

Respondent filed a petition for an order for protection (OFP) against appellant in the Ramsey County District Court. Because respondent had previously obtained OFPs against appellant, the district court issued a two-year subsequent OFP under Minn.Stat. § 518B.01, subd. 6a(2), (3) (2004). This appeal follows.

## ISSUE

Did the district court abuse its discretion by issuing a two-year subsequent order for protection under Minn.Stat. § 518B.01, subd. 6a(2), (3) (2004), without specific duration-related findings to support the order?

## ANALYSIS

Appellant challenges the district court's decision to grant respondent's petition for an OFP. The decision to grant an OFP under the Minnesota Domestic Abuse Act, Minn.Stat. § 518B.01 (2004), is within the district court's discretion, *Chosa ex rel.*

*Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn.App.2005), so we will not reverse absent an abuse of that discretion. A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985). We review the record in the light most favorable to the district court's findings, and we will reverse those findings only if we are "left with the definite and firm conviction that a mistake has been made." *Chosa*, 693 N.W.2d at 489. We review de novo the district court's construction and application of a statute. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998).

■ Appellant first argues that the district court erroneously issued a subsequent OFP without finding that appellant had violated a prior or existing OFP. A district court "may extend the relief granted in an existing order for protection or, if a petitioner's order for protection is no longer in effect when an application for subsequent relief is made, grant a new order" upon a demonstration that

(1) the respondent has violated a prior or existing order for protection;

(2) the petitioner is reasonably in fear of physical harm from the respondent;

(3) the respondent has engaged in acts of harassment or stalking within the meaning of section 609.749, subdivision 2; or

(4) the respondent is incarcerated and about to be released, or has recently been released from incarceration.

Minn.Stat. § 518B.01, subd. 6a. The plain language of the statute requires a showing of only one of these four alternatives. The district court found that two exist here: respondent was reasonably in fear of physical harm from appellant, and appellant made "repeated and intrusive telephone calls." Section 609.749 provides that mak-ing repeated telephone calls is an act of harassment. Minn.Stat. § 609.749, subd. 2(4) (2004). The record supports the district court's findings.

■ Appellant next argues that the district court committed "reversible error" by issuing the subsequent OFP without a showing of "present harm or intent to do present harm." Appellant's argument is based on the standard required to issue an initial OFP under section 518B.01. A petitioner need not "show that physical harm is imminent to obtain an extension or a subsequent order." Minn.Stat. § 518B.01, subd. 6a. It is enough that "the petitioner is reasonably in fear of physical harm from the respondent." *Id.*, subd. 6a(2). And harassment, as defined by section 609.749, requires no showing of specific intent. Minn.Stat. § 609.749, subd. 1a (2004).

■ Appellant also challenges the district court's finding that respondent was "reasonably in fear of physical harm from the [appellant]." Appellant argues that the district court "committed a reversible error" by considering respondent's subjective fear rather than applying an objective, reasonable-person standard. But the district court found that appellant's repeated telephone calls, when considered in light of the circumstances supporting the previous OFPs, were sufficient to cause respondent to be reasonably in fear of physical harm from appellant, which is the finding required by section 518B.01, subdivision 6a(2). The district court observed that there is a finding in one of the previous OFPs issued against appellant that "[a]cts of domestic abuse have occurred, including the following: [appellant] hit and punched and choked [respondent] while their child ... was in [respondent's] arms. [Their child] was struck by [appellant]." In light of facts supporting respondent's previous OFPs against appellant, we conclude that

the district court's finding that appellant's repeated telephone calls caused respondent to be reasonably in fear of physical harm from appellant is supported by the record.

■ Appellant also argues that the district court abused its discretion by adding, sua sponte, the parties' children to the subsequent OFP. Respondent petitioned for an OFP on her own behalf, but the district court modified the caption on the subsequent OFP to add the parties' two children. The district court may issue an OFP that "restrain[s] the abusing party from committing acts of domestic abuse." Minn.Stat. § 518B.01, subd. 7(1). And domestic abuse is defined as abuse "against a family or household member by a family or household member"; "family or household members" expressly includes children. Minn.Stat. § 518B.01, subd. 2(a), (b)(2). Appellant provides no legal authority to support his argument that the district court abused its discretion by adding the children to the OFP. Because the record shows that appellant's past abusive behavior has been directed at his children as well as respondent and that respondent was concerned for the children's present safety, we conclude that the district court did not abuse its discretion by adding the parties' children to the subsequent OFP.

■ Appellant claims that the record does not support the district court's decision to issue a subsequent OFP for a fixed period of two years. The district court based the term of the subsequent OFP on appellant's "continuing acts of abuse and intimidation" and on the fact that the respondent has had several previous OFPs against appellant. The Domestic Abuse Act provides that "[a]ny relief granted by the order for protection shall be for a fixed period not to exceed one year, except when the court determines a longer fixed period is appropriate." Minn.Stat. § 518B.01,

subd. 6(b). Nothing in the statute suggests that the district court must make specific duration-related findings when determining that an OFP with a fixed period of more than one year is appropriate. This court "cannot supply what the legislature purposely omits or inadvertently overlooks." *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App. 1994) (quotation omitted). Here, the legislature did not require a district court to make duration-related findings to issue an OFP for a fixed period of more than one year, and we cannot read that requirement into the statute. We conclude that the district court did not abuse its discretion by issuing the subsequent OFP for a fixed period of two years.

Appellant also argues that the district court erred when it did not apply dictum from *Chosa*, 693 N.W.2d at 490, in which this court stated, "Past abusive behavior is a factor in determining cause for protection, though not dispositive." The language to which appellant refers appears in the *Chosa* court's analysis of whether the record in that case supported the district court's finding of domestic abuse under section 518B.01. *Id.* This court determined that past incidents of abuse are not dispositive when determining intent to do physical harm. *Id.* The issue here is whether respondent had a reasonable fear of physical harm, not whether appellant intended to inflict or actually inflicted physical harm. Therefore, *Chosa* is inapposite.

Appellant argues finally that the subsequent OFP will prejudice him in the parties' dissolution proceedings and that the subsequent OFP is against public policy. Appellant's argument suggests that the pendency of a dissolution proceeding should preclude the issuance of an OFP. But the Domestic Abuse Act specifically provides, "A petition for relief may be granted, regardless of whether there is a

pending action between the parties." Minn.Stat. § 518B.01, subd. 4(d). Because appellant cites no authority for his public-policy argument, it is waived. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

## DECISION

Because (1) a subsequent OFP can be issued without a finding that appellant violated a prior or existing OFP; (2) a showing of "present harm or intent to do present harm" is not required to support a subsequent OFP; (3) appellant's conduct caused respondent to be reasonably in fear of physical harm; (4) specific duration-related findings of fact are not required to support an OFP with a fixed period of more than one year; and (5) the district court did not abuse its discretion by adding the parties' children to the OFP, we affirm.

**Affirmed.**