**In the Matter of Sally Ann EKMAN, petitioner, Respondent,**

v.

**Lee McFadden MILLER, Appellant.**

**No. A11–1169.**

Court of Appeals of Minnesota.

April 2, 2012.

David L. Olson, Edina, MN, for respondent.

John G. Westrick, Kristian L. Oyen, Westrick & McDowall–Nix, PLLP, St. Paul, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; STONEBURNER, Judge; and CRIPPEN, Judge.*

## OPINION

KLAPHAKE, Judge.

Appellant Lee McFadden Miller challenges the district court's order granting respondent Sally Ann Ekman a 10–year OFP, arguing that the district court abused its discretion by issuing the order despite the fact that he had not been convicted of violating the previous OFP and

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

by failing to make findings to support its decision.

Because the district court's findings are based on record evidence and are sufficient to sustain its order, we affirm.

## FACTS

Following the end of the parties' 10–year romantic relationship in 2006, respondent applied for an OFP against appellant. On October 25, 2006, the district court entered a two-year OFP on behalf of respondent; appellant did not contest entry of the OFP. The first OFP was modified in January 2007 because of disputes over personal property that appellant was storing in respondent's pole barn. The OFP was amended again in July 2007 to include more prohibited behavior.

In August 2008, respondent asked for an extension of the OFP. The district court granted an extension to September 30, 2010. In particular, this extension was granted because of appellant's "stalking behavior." In December 2009, appellant brought a motion to have respondent held in contempt, claiming that she had disposed of his property that she was obliged to store. The district court denied this motion, but sua sponte extended the OFP for an additional 10 years.

Appellant sought review of the extension in this court. We affirmed the denial of contempt but reversed the district court's order to extend the OFP for failure to comply with the statutory requirements for extending an OFP. *Ekman v. Miller*, No. A10–1006, 2011 WL 978685 (Minn. App. Mar. 22, 2011), *review dismissed* (Minn. June 14, 2011). Following this decision, respondent applied for a new OFP and requested a 10–year term. After an evidentiary hearing, the district court issued a new OFP effective for 10 years.

When the parties discontinued their relationship in 2006, appellant threatened to make respondent's life miserable. Several incidents followed, leading respondent to apply for the original OFP in October 2006. In November 2006, appellant purchased the land adjacent to respondent's property. In order to do so, he participated in a straw-man arrangement: a friend purchased the property and immediately deeded it to appellant. This was necessary because the owner of the property also had an OFP against appellant and refused to deal with him. The parties' driveways are about 1,000 feet apart.

The OFP was amended again in July 2007, to restrain appellant from entering respondent's land, using the east/west access over a neighboring property to his land, or entering respondent's places of employment. The amended order also specifically restrained appellant from being within 100 feet of respondent, positioning himself to watch her, and engaging in stalking conduct or taking pictures of respondent or her property. These amendments were necessary because of appellant's continuing actions. In 2008, the district court extended the OFP to September 30, 2010, based on findings that appellant harassed or stalked respondent by standing on a ladder and peering over the fence into her property.

At the hearing in 2011, respondent testified that appellant built a pole barn close to the property line and placed a window facing respondent's property. After respondent landscaped her yard for more privacy, appellant added two more windows to the pole barn at higher levels. Respondent and others testified that they repeatedly observed appellant peering over the fence or looking at respondent's property from the pole barn windows. Respondent reported that appellant often followed her when she drove to her job.

She worked in two different towns; no matter in which direction respondent drove, appellant would follow her, although he claimed it was because there was only one major road nearby. Sometimes respondent would see appellant's car in a parking lot or driveway along her route to work; he would pull out in front of her or behind her and travel in the same direction for several miles. Respondent and her friends testified that appellant would drive by the Ox Lake Tavern in Cross Lake when he knew that respondent was there. Appellant denied all of respondent's allegations and testified that he had been harassed by respondent. The district court found that appellant's various explanations for his behaviors were not credible.

Although respondent reported many of these incidents to the sheriff, no charges for violating an OFP were ever filed by the county attorney and appellant was never convicted of violating the OFP.

## ISSUE

Are the district court's findings sufficient to sustain an OFP for a period of 10 years?

## ANALYSIS

■ We review the district court's decision to grant an OFP for an abuse of discretion. *Pechovnik v. Pechovnik,* 765 N.W.2d 94, 98 (Minn.App.2009). A district court abuses its discretion when its findings are not supported by record evidence or when it misapplies the law. *Id.* We review findings for clear error, which means that the district court's findings must be "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole," and we view the evidence in the light most favorable to the decision. *Gada v. Dedefo,* 684 N.W.2d 512, 514 (Minn.App.2004) (quota-

tion omitted). The district court is the exclusive judge of credibility. *Id.*

■ Minn.Stat. § 518B.01 (2010) permits the district court to issue an OFP upon a finding of domestic abuse. *Id.,* subd. 4. The district court may extend an OFP or issue a new OFP if a prior order has lapsed, if the petitioner can show that (1) the restrained party has violated an OFP; (2) the petitioner has a reasonable fear of physical harm; (3) the restrained party has engaged in stalking behavior, as defined in Minn.Stat. § 609.749, subd. 2 (2010); or (4) the restrained party has recently been released or is about to be released from incarceration. Minn.Stat. § 518B.01, subd. 6a(a). The petitioner need not show actual physical harm or even imminent harm to obtain an extension of an OFP; the petitioner need only show reasonable fear of physical harm for the OFP extension to issue. *Id.; Braend ex rel. Minor Children v. Braend,* 721 N.W.2d 924, 927 (Minn.App.2006). The district court may issue an OFP for a term of up to 50 years if (1) the restrained party has violated a prior or existing order on two or more occasions; or (2) the petitioner has had two or more OFPs in effect against the same person. *Id.,* subd. 6a(b). Appellant argues that the district court's findings are insufficient because they provide no basis for extending the OFP for a period of 10 years.

■ The district court found two bases for extending or re-issuing the OFP: (1) appellant violated the previous OFP; and (2) appellant engaged in stalking behavior. The district court found that appellant had violated the order by looking over the fence that divided the parties' properties and by repeatedly following respondent in his car. Not only were both of these types of actions prohibited by the previous OFP, but both constitute acts of "stalking." *See* Minn.Stat. § 609.749, subd. 2 (defining

"stalking" as engaging in conduct that the actor knows or has reason to know would cause the victim to feel frightened or intimidated, when it actually causes this reaction, and specifically including following, monitoring, or pursuing another, either in person or through any other means). There is sufficient evidence in the record to support these findings.

As to the decision to extend the OFP term to 10 years, the district court found that appellant had violated the OFP on two or more occasions and that respondent has had two or more orders for protection in effect against appellant. Again, these findings are supported by sufficient record evidence: respondent petitioned for and was granted OFPs against appellant in 2006 and 2008, and the district court found that appellant had violated the OFP on multiple, date-specific occasions. This is sufficient to support the district court's order extending the term of the OFP to 10 years.

■ Appellant urges this court to read the statute to require convictions, rather than violations, of an OFP to support the extension of an OFP. Minn.Stat. § 518B.01, subd. 6a, speaks of "violations," not "convictions." We interpret statutes to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). If a statute is not ambiguous, we will not disregard "the letter of the law ... under the pretext of pursuing the spirit." *Id.* Finally, we cannot supply what the legislature has omitted. *Ullom v. Indep. Sch. Dist. No. 112, Chaska,* 515 N.W.2d 615, 617 (Minn.App.1994). There is a meaningful difference between the concepts of "violation" and "conviction." Had the legislature intended that only convictions for violating an OFP could serve as a basis for an increased term, it could easily have made that clear. *See, e.g.,* Minn.Stat. §§ 609.1095 (2010) (setting forth increased sentences for certain offenders based on prior convictions); .11 (2010) (prescribing mandatory minimum sentence for offender with prior felony convictions when in possession of a firearm); .153 (2010) (setting forth increased sentences for certain misdemeanor drug offenses when offender has two or more prior convictions); .224, subd. 2 (2010) (increasing penalties for fifth-degree assault when offender has a previous domestic violence related conviction involving the same victim). We observe no abuse of discretion in the district court's reliance on violations of an OFP rather than on convictions.

■ Finally, appellant's argument that the district court abused its discretion by failing to make findings specific to the 10–year length of the OFP is unavailing. We have previously concluded that the statute does not require specific duration-related findings when the district court issues an OFP for a fixed period of more than one year. *Braend,* 721 N.W.2d at 928.

## DECISION

The district court did not abuse its discretion by issuing an OFP for a period of 10 years based on findings that appellant violated a previous OFP on more than two occasions. The statute does not require proof of convictions of violation of an OFP, but rather proof of violations of a previous OFP.

**Affirmed.**