*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1896**

In the Matter of:
Patricia Speece, petitioner,
Respondent,

vs.

Daniel Pinkerton,
Appellant.

**Filed May 18, 2015
Affirmed; motion granted
Kirk, Judge**

McLeod County District Court
File No. 43-FA-14-1255

Kenneth R. White, Law Office of Kenneth R. White, P.C., Mankato, Minnesota (for respondent)

Daniel Pinkerton, Hutchinson, Minnesota (pro se appellant)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

In this order-for-protection (OFP) dispute, appellant-father argues that the district court erred in issuing a one-year OFP on behalf of respondent-mother and awarding her temporary custody of the minor child. We affirm.

## FACTS

Appellant-father Daniel Pinkerton and respondent-mother Patricia Speece were involved in an on-again, off-again relationship for approximately 10 years. The parties, who never married, are parents of a minor child. On August 18, 2014, mother filed an ex parte petition for an OFP on behalf of herself and the child against father. At the time, the parties were homeless and living together in a tent with the child at a campground in Hutchinson. Mother alleged acts of physical and mental abuse committed by father against her and the child, and that father had kidnapped the child while she was working on August 18. On the same day, the district court granted mother's ex parte petition, barring father from contacting her or the child, and granted mother temporary custody of the child.

On September 8, the district court held a hearing on mother's petition, and she appeared with legal counsel. Father appeared pro se. Mother testified that she had a volatile long-term relationship with father that was marked by mental and physical abuse. Mother testified that on August 18, when she returned to the tent in the early morning after working an overnight shift, her neighbors informed her that father had left with the child in a bike cart. Mother telephoned father, who eventually returned the phone call and told her to stop looking for the child and that she would never see the child again. Mother called the police, who were able to pinpoint father's location through his cell phone, and she was reunited with the child.

Father categorically denied mother's allegations of physical and mental abuse, and denied kidnapping the child, explaining that he "was looking out for the child's best

interest over my own" because mother was involved with drugs. Father testified that on the night in question, he took the child and left for Glencoe, where he was employed. Both parties admitted that a prior OFP had been issued barring him from contacting mother, but mother had successfully petitioned the district court to have it dismissed.

The district court issued a one-year OFP to mother against father and granted her physical custody of the child, subject to father's supervised parenting time. The OFP stated that while no evidence supported naming the child as a protected person, supervised visits were appropriate and necessary to insure the safety of mother and the child.

Father appeals.

**D E C I S I O N**

**I.     The district court did not err in issuing an OFP on behalf of mother.**

The decision to grant an OFP under the Minnesota Domestic Abuse Act, Minn. Stat. §§ 518B.01-.02 (2014), is within the district court's discretion. *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005). We will not reverse absent an abuse of that discretion. *See id.* Father argues that (1) mother failed to follow the requirements of Minn. R. Gen. Pract. 3.02 in filing the ex parte OFP and Minn. Stat. § 634.20 (2014); (2) the district court made no finding that he had abused mother, but issued a new OFP solely based on the fact that a prior OFP had been issued; (3) the district court cannot grant a subsequent OFP when the prior OFP was previously dismissed upon mother's request under Minn. Stat. § 518B.01, subd. 6a; and (4) mother perjured herself on the stand in order to gain custody of the child.

3

Appellant's claims are without merit. First, compliance with Minn. R. Gen. Pract. 3.02 is left to the discretion of the district court. *See* Minn. Gen. R. Pract. Rule 3.02 cmt. ("The rule does not specify what showing must be made and does not state how it is to be made because . . . a wide variety of circumstances apply to the seeking and obtaining of ex parte orders."). And section 634.20 is inapplicable in instances when an existing OFP is no longer in effect and an application for subsequent relief is made. *See* Minn. Stat. § 518B.01, subd. 6a.

Second, the district court conformed with the requirements of Minn. Stat. § 518B.01, subd. 6a, in issuing the OFP. Section 518B.01, subdivision 6a(a), allows the district court to "extend the relief granted . . . if a petitioner's order for protection is no longer in effect when an application for subsequent relief is made . . . upon a showing that: . . . the petitioner is reasonably in fear of physical harm from the respondent." Here, both parties admitted at the hearing that the district court issued an OFP on mother's behalf against father approximately two years ago. The district court also found that mother was reasonably in fear of physical harm from father. *See* Minn. Stat. § 518B.01, subd. 6a(a)(2). Based on these facts, the district court acted within the bounds of the statute when it issued a new OFP based on mother's reasonable fear of physical harm. The district court did not have to make a finding that father physically abused mother to issue the OFP. *See Braend ex rel. Minor Children v. Braend*, 721 N.W.2d 924, 928 (Minn. App. 2006). It was also irrelevant that the prior OFP had been dismissed at mother's insistence. *See* Minn. Stat. § 518B.01, subd. 6a.

Finally, father does not point to any specific testimony in the record where mother allegedly gave false information under oath. When a brief does not contain an argument or citation to legal authority in support of the allegation raised, the allegation is deemed waived. *State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997).

## II. The district court did not abuse its discretion in awarding temporary custody of the child to mother.

Father challenges the district court's decision to grant temporary custody of the child to mother, subject to his supervised visits, in the OFP. Here, the district court did not abuse its discretion when it granted mother temporary custody of the child. Minn. Stat. § 518B.01, subd. 6(a)(4), allows the district court to award temporary custody or establish parenting-time restrictions when it awards an OFP on behalf of one parent of a minor child against the other parent. Because the record supports the district court's issuance of the OFP, we affirm.

We also grant mother's motion to strike the additional evidence included in father's brief because it is not part of the district court record and therefore is not part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 (stating that the record on appeal is comprised of "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any").

**Affirmed; motion granted.**

5