*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1583**

In the Matter of: Laura Kay Ellingsworth, for herself and o/b/o N. R. E., petitioner,
Respondent,

vs.

Moses Abed Wazwaz,
Appellant.

**Filed May 16, 2016
Remanded
Larkin, Judge**

Hennepin County District Court
File No. 27-FA-000286158

Laura Kay Ellingsworth, Belle Plaine, Minnesota (pro se respondent)

Moses Abed Wazwaz, Spring Lake Park, Minnesota (pro se appellant)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the district court's 50-year extension of an existing order for protection. Appellant argues that he did not receive notice of respondent's request for the extension or an opportunity to be heard and that the record does not support the extension.

We conclude that appellant was not prejudiced by any procedural defect and that the record supports an extension under Minn. Stat. § 518B.01, subd. 6a(a) (2014). But because the district court failed to make a required finding under Minn. Stat. § 518B.01, subd. 6a(b) (2014), we remand for further findings or an amended order.

## FACTS

Respondent Laura Kay Ellingsworth has had an order for protection (OFP) in effect against appellant Moses Abed Wazwaz since 2003. The original order was extended in 2005 and again in 2010. In July 2015, Ellingsworth requested another extension, this time for 50 years. On July 30, the district court held a hearing on the request and extended the OFP for 50 years. Wazwaz did not appear at the hearing. On August 11, Wazwaz moved to vacate the OFP and to schedule the matter for a hearing, asserting that he did not receive notice of Ellingsworth's request for an extension or the July 30 hearing.

On August 31, the district court held a hearing on Ellingsworth's request for an extension. Wazwaz appeared at the hearing and testified against an extension. The district court ordered that the July 30 50-year extension "shall remain in place and be in full force and effect." Wazwaz appeals.

## D E C I S I O N

## I.

Wazwaz argues that he did not receive adequate notice of Ellingsworth's request to extend the existing OFP or an adequate opportunity to be heard. The state may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; *Bendorf v. Comm'r of Pub. Safety*, 727 N.W.2d 410, 413 n.4 (Minn. 2007). "The

fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Brooks v. Comm'r of Pub. Safety*, 584 N.W.2d 15, 19 (Minn. App. 1998) (quotation omitted), *review denied* (Minn. Nov. 24, 1998). The Domestic Abuse Act also establishes an opportunity to be heard, providing that the district court may extend the relief granted in an existing OFP "[u]pon application, notice to all parties, and hearing." Minn. Stat. § 518B.01, subd. 6a(a).

When Wazwaz informed the district court that he had not received notice of Ellingsworth's request for an extension or the July 30 hearing, the district court scheduled a contested hearing regarding the extension request. Wazwaz appeared at the hearing and opposed the extension. Wazwaz testified that he had never violated the existing OFP, that Ellingsworth was vindictively trying to prevent him from seeing their son, and that Ellingsworth consistently lies about his behavior. The district court ultimately ordered that the July 30 50-year extension would remain in effect.

In sum, although Wazwaz apparently did not receive notice of the July 30 hearing, the final August 31 order extending the OFP is the result of a contested hearing, and Wazwaz fully participated at that hearing. We have considered Wazwaz's arguments that he nonetheless was prejudiced, but we are not persuaded. We therefore do not grant relief on procedural grounds. *See Midway Ctr. Assocs. v. Midway Ctr. Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (explaining that an appellant must show both error and prejudice resulting from the error to prevail on appeal).

## II.

Wazwaz argues that the record does not support the 50-year extension. We review the district court's decision to grant an OFP for an abuse of discretion. *Ekman v. Miller*, 812 N.W.2d 892, 895 (Minn. App. 2012). "A district court abuses its discretion when its findings are not supported by record evidence or when it misapplies the law." *Id.* We review the district court's findings for clear error, and we view the evidence in the light most favorable to the decision. *Id.* The district court is the exclusive judge of witness credibility. *Id.* "A district court's decision to issue an order for protection under the Minnesota Domestic Abuse Act will be reversed on appeal when it lacks sufficient evidentiary support." *Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. 2004).

The district court may extend the relief granted in an existing OFP "upon a showing that: (1) the respondent has violated a prior or existing order for protection; (2) the petitioner is reasonably in fear of physical harm from the respondent; (3) the respondent has engaged in the act of stalking [as defined in statute]; or (4) the respondent is incarcerated and about to be released, or has recently been released from incarceration." Minn. Stat. § 518B.01, subd. 6a(a). "[The] petitioner does not need to show that physical harm is imminent to obtain an extension . . . ." *Id.* The district court may grant relief for a period of up to 50 years "if the court finds: (1) the respondent has violated a prior or existing order for protection on two or more occasions; or (2) the petitioner has had two or more orders for protection in effect against the same respondent." *Id.*, subd. 6a(b).

Wazwaz's appellate arguments challenge Ellingsworth's credibility as a witness and the district court's resolution of conflicting evidence. These arguments are unavailing

4

because when we review an OFP, "[w]e neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Gada*, 684 N.W.2d at 514. After the contested hearing on August 31, the district court found that "[Ellingsworth] testified credibly with respect to the threats that were made to her by [Wazwaz] and continued concerns of stalking by [Wazwaz], and that she is fearful for her safety and the safety of the minor child." The evidence presented at the hearing, including evidence regarding Wazwaz's history of aggressive and violent behavior, supports the district court's finding, as well as an extension under section 518B.01, subd. 6a(a).

However, the district court did not make a finding under section 518B.01, subd. 6a(b) to support the 50-year extension. In 2008, the legislature amended the Domestic Abuse Act to authorize relief under an OFP "for a period of up to 50 years," but the district court must find either that "the respondent has violated a prior or existing order for protection on two or more occasions" or that "the petitioner has had two or more orders for protection in effect against the same respondent." 2008 Minn. Laws ch. 316, § 2, at 3. The district court did not make a finding regarding either of the statutory factors.[1]

This court is not a factfinding court. *See State v. Colvin*, 645 N.W.2d 449, 453 (Minn. 2002) ("[A]ppellate courts have no . . . business finding facts . . . ."); *Stiff v. Associated Sewing Supply Co.*, 436 N.W.2d 777, 779 (Minn. 1989) ("[A]n appellate court's limited scope of review circumscribes additional fact finding by it."). Because the district

---

[1] Although our decision is not based on the district court's July 30 order, we nonetheless observe that the findings supporting that order also do not meet the requirements of section 518B.01, subd. 6a(b).

court's findings do not address the requirements of section 518B.01, subd. 6a(b), and the evidence is conflicting, we cannot determine whether the district court abused its discretion by extending the OFP for 50 years. *See State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983) (explaining that a remand for findings is sometimes necessary before an appellate court will decide the validity of a district court's order); *State v. Rainey*, 303 Minn. 550, 550, 226 N.W.2d 919, 921 (Minn. 1975) (deciding an appeal notwithstanding the lack of findings where "there was absolutely no conflict in the evidence").

"When additional findings are necessary to support a trial court's conclusion on a disputed issue, an appellate court, of course, may remand for additional findings." *Stiff*, 436 N.W.2d at 779. We remand this case for the district court to either make a finding that supports an extension under section 518B.01, subd. 6a(b), or to issue an amended order denying Ellingsworth's extension request.

**Remanded.**