*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1250**

In the Matter of:

Monica Medina Robinson,
Respondent,

vs.

Fannie Krienke,
Appellant.

**Filed March 4, 2024
Affirmed
Klaphake, Judge[*]**

Hennepin County District Court
File No. 27-DA-FA-21-2028

Monica Medina Robinson, Brooklyn Center, Minnesota (pro se respondent)

Fannie Krienke, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Johnson, Presiding Judge; Cochran, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

On appeal from the district court's grant of an extension of an order for protection (OFP), appellant argues that the record does not support the award of an extension of the OFP against her. We affirm.

## DECISION

In 2021, respondent Monica Medina Robinson obtained an OFP against appellant Fannie Krienke. Krienke is Robinson's mother-in-law, and the parties lived together from 2016 until 2018. The district court granted the OFP based on its determination that Krienke committed domestic abuse against Robinson and found that Robinson "was the victim of an unprovoked attack and beating [by Krienke] resulting in documented injuries." In April 2023, Robinson filed an application to extend the OFP, which was set to expire that month. Following a hearing, the district court granted the application and extended the OFP until July 5, 2025. Krienke now appeals the district court's grant of the application to extend the OFP.

We review a district court's decision to grant relief under the Minnesota Domestic Abuse Act, Minn. Stat. § 518B.01 (2022), for an abuse of discretion. *McIntosh v. McIntosh*, 740 N.W.2d 1, 9 (Minn. App. 2007). "A district court abuses its discretion if its [factual] findings are unsupported by the record or if it misapplies the law." *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009) (quotation omitted). This court reviews a district court's factual findings for clear error and defers to the district court's credibility determinations. *Ekman v. Miller*, 812 N.W.2d 892, 895 (Minn. App. 2012).

The Minnesota Domestic Abuse Act permits a district court to extend an existing OFP if:

> (1) the respondent has violated a prior or existing order for protection;
> (2) the petitioner is reasonably in fear of physical harm from the respondent;
> (3) the respondent has engaged in the act of harassment within the meaning of section 609.749, subdivision 2; or
> (4) the respondent is incarcerated and about to be released, or has recently been released from incarceration.

Minn. Stat. § 518B.01, subd. 6a(b)(1)-(4). "The petitioner need not show actual physical harm or even imminent harm to obtain an extension of an OFP; the petitioner need only show reasonable fear of physical harm for the OFP extension to issue." *Ekman*, 812 N.W.2d at 895; *see also* Minn. Stat. § 518B.01, subd. 6a(b).

Krienke challenges the district court's grant of the application to extend the OFP. Robinson's application to extend the OFP was based, in part, on her allegation that she was reasonably in fear of physical harm from Krienke. At the conclusion of the hearing on the application, the district court informed the parties that it would be granting the application and explicitly stated that it found "Robinson's fear credible." *See* Minn. R. Civ. P. 52.01 (noting a district court's decision may be based on findings that are "stated orally and recorded in open court following the close of the evidence"). The record supports this determination.

As noted above, the original OFP included a finding that Robinson "was the victim of an unprovoked attack and beating [by Krienke] resulting in documented injuries." Specifically, Krienke hit Robinson in the face and caused "a large lump on [Robinson's]

3

forehead." In support of her application to extend the OFP, Robinson alleged that Krienke sent her a harassing message through a social-media account. A copy of the message was submitted as evidence. The message purports to be from the account of "Fannie [K]rienke" and, among other things, accuses Robinson of "want[ing] to continue at war" after "[t]wo years of protection" and states that if Robinson continued "messing with" Krienke then Krienke "[would] walk up on that nasty face one more time and break your ugly a-- face like the last time b-tch." Robinson testified that she felt "very afraid" because Krienke said there "was going to be yet another fight."

At the hearing, Krienke denied sending the message and testified that the social-media account it was sent from did not belong to her. She theorized that Robinson created the social-media account herself. But the district court found that Krienke's testimony as to her social-media use was not credible, and instead determined that either Krienke or a third-party acting on behalf of Krienke sent the message to Robinson. We defer to the district court's credibility determinations. *Ekman*, 812 N.W.2d at 895. Krienke now argues that the social-media message was the result of Robinson copying and pasting messages together from 2018, but she did not raise this argument before the district court and nothing in the record supports this assertion.

Rather, the record supports the district court's determinations that Krienke or a party acting on behalf of Krienke sent Robinson the message and that Robinson was reasonably in fear of Krienke. Krienke previously assaulted Robinson, and in the social-media message Krienke seemingly referenced this assault and threatened to assault Robinson again in the same manner. Robinson testified her fear stemmed from Krienke's indication

4

that there would be "another fight." And the district court explicitly found Robinson's fear to be credible. As previously stated, "the petitioner need only show reasonable fear of physical harm for the OFP extension to issue." *Id.*; *see also* Minn. Stat. § 518B.01, subd. 6a(b). Given the history between the parties, it was reasonable for Robinson to fear physical harm from Krienke based on the message. The district court therefore did not abuse its discretion in granting the application to extend the OFP.

**Affirmed.**