*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1391**

In the Matter of:

Susanne Natalie Luthens, petitioner,
Appellant,

vs.

Brooks David Hansen,
Respondent.

**Filed May 6, 2024**
**Affirmed in part, reversed in part, and remanded**
**Jesson, Judge**[*]

Hennepin County District Court
File No. 27-DA-FA-21-2540

Amy Burroughs, Central Minnesota Legal Services, Minneapolis, Minnesota (for appellant)

Brooks David Hansen, Brownsberg, Indiana (pro se respondent)

        Considered and decided by Smith, Tracy M., Presiding Judge; Connolly, Judge; and

Jesson, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**JESSON**, Judge

While the district court granted appellant Susanne Natalie Luthens's motion to extend an order for protection (OFP) against respondent Brooks David Hansen, it did so only for two years. Luthens sought a 50-year extension, but the district court concluded that it could not grant such an extension in a default proceeding. Nor did the district court's extension include a provision forbidding Hansen from possessing firearms. Luthens appeals. Because no authority requires both parties to be present for the district court to grant a 50-year OFP extension and the OFP extension order did not address the firearm ownership prohibition set forth in Minnesota Statute § 518B.01 subd. 6(g) (2022), we affirm in part the district court's extension of the order for protection but reverse and remand this matter in part for the district court to consider the appropriate duration for the OFP and the requested provision forbidding Hansen from possessing firearms.

**FACTS**

Luthens filed a petition for an OFP against Hansen on May 19, 2021. In her petition, Luthens averred that Hansen had sent her threatening text messages, pushed her against a wall, held a gun to her head, and attempted to shoot her. Luthens did not request a provision prohibiting Hansen from owning or possessing firearms in her initial petition nor did she request a hearing. The district court[1] granted Luthens's petition and issued an emergency ex parte order for protection on May 20, 2021. The OFP was effective for two years, until

---

[1] This matter appeared before a referee, as permitted under Minn. Stat. § 484.65 (2022). The order on appeal was approved and signed by a district court judge.

May 20, 2023. Hansen was served with a copy of the OFP both personally and by mail. Hansen did not request a hearing.

Nearly two years later, Luthens filed an application to extend the OFP. In her attached affidavit, she asserted that Hansen "violated [the] OFP on several occasions" and "engaged in acts of harassment/stalking." She averred that Hansen, among other things, asked her to "retract the protection order" and told her "I am also not able to buy a handgun . . . you know I have plenty." Luthens requested that the court extend the OFP for up to 50 years and "[p]rohibit [Hansen] from shipping, transporting, possessing, or receiving any firearms or ammunition." The district court issued an ex parte, two-year extension of the OFP on May 11, 2023. On May 15, 2023, the district court issued an amended ex parte extension of the OFP, scheduling a hearing to address the additional relief (the 50-year period and the firearm prohibition) requested by Luthens. Hansen appeared at the subsequent hearing and requested a continuance to give him time to secure counsel. The district court continued the hearing.

But Hansen did not appear at the continued hearing and the district court proceeded to consider the matter by default. At the hearing, Luthens's counsel raised Luthens's requests for a 50-year OFP and an order prohibiting Hansen from owning or possessing firearms.

On May 31, 2023, following the hearing, district court issued an order extending the OFP for two years to May 20, 2025. The district court stated in its May 31 order that Luthens "asked the Court to grant her a 50-year Order for Protection against [Hansen], however, the Court informed her that testimony from [Hansen] is [a] necessary procedural

component of that request, and that without [Hansen] present, the maximum extension the Court could grant is two years." The order neither contained nor otherwise addressed a provision prohibiting Hansen from possessing firearms. Luthens now appeals.[2]

**DECISION**

We review a district court's decision to grant an OFP for an abuse of discretion. *Braend ex rel. Minor Child v. Braend*, 721 N.W.2d 924, 926 (Minn. App. 2006). "A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law." *Id.* at 927. Appellate courts "review the record in the light most favorable to the district court's findings and" only reverse those findings if "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation omitted). But we review a district court's statutory interpretation de novo. *Id.*

Luthens argues that the district court misapplied the law in two ways. First, Luthens contends that the district court erred by denying her motion to extend the OFP for 50 years. Second, Luthens maintains that the district court erred by denying her motion to prohibit Hansen from possessing firearms. We address each issue in turn.

I.    **The district court abused its discretion by refusing to address Luthens's motion to extend the order for protection for 50 years without Hansen present.**

At the OFP hearing on Luthens's motion to extend the OFP, the district court indicated that it could not grant a 50-year OFP without a full evidentiary hearing where

---

[2] Hansen did not file a brief in this matter, so this case proceeds under Minn. R. Civ. App. P. 142.03.

Hansen is present. It then proceeded to grant a two-year OFP extension. The refusal to consider the 50-year extension was error, Luthens contends. We agree.

The record below establishes that (1) Hansen was personally served with the OFP application for extension, (2) that application contained the alleged OFP violations, (3) Hansen appeared at the first scheduled hearing, and (4) the district court granted Hansen a continuance to seek counsel. As a result, Hansen was on notice of the relief requested and provided with a meaningful opportunity to participate and contest the OFP application extension.

These circumstances meet the statutory requirements set forth in the Domestic Abuse Act (the Act), Minnesota Statute section 518B.01 (2022). The Act states that OFP extensions do not require a hearing "[i]f the petitioner seeks only the relief under subsection 7 paragraph (a) . . . unless the court declines to order the requested relief or the respondent requests a hearing." Minn. Stat. § 518B.01, subd. 6a(a). But here, given that two provisions of relief sought by Luthens were not included in the previous OFP, the court held a hearing.

The Act does not define "hearing" and there is neither statutory language nor caselaw stating that both parties must actually appear for the hearing for the court to award appropriate relief. Nor does any statute or caselaw forbid imposition of a 50-year OFP extension by default.

Although district courts have discretion to grant OFP relief, a district court abuses its discretion when it misapplies the law. *Braend*, 721 N.W.2d at 927. Here, the district court misapplied the law by imposing a procedural limitation to relief that does not exist and refusing to consider the issue on its merits. Accordingly, the district court abused its

discretion. We therefore affirm the district court's extension of the OFP generally but reverse and remand this issue for the district court to determine the appropriate duration of the extension. *See In re Welfare of M.F.,* 473 N.W.2d 367, 370 (Minn. App. 1991) (remanding for a district court to exercise its discretion when it erroneously ruled on a discretionary issue as a matter of law); *Jones v. Jarvinen,* 814 N.W.2d 45, 48 (Minn. App. 2012) (applying *M.F.*).

**II.      The district court abused its discretion by denying Luthens's motion for an order prohibiting Hansen from possessing firearms.**

Luthens argues that the district court erred in not including a term prohibiting Hansen from possessing firearms in the May 31 extended OFP. As Luthens points out— and the amended ex parte extension OFP states—she sought the firearms provision in her extension petition.

Pursuant to the Act, following notice and a hearing, a district court must prohibit a responding party from possessing firearms if the petition is proven by a preponderance of the evidence and the order both restrains the abusing party from harassing behavior and includes either a credible threat finding or a prohibition against the use of—or threat of— physical force against the petitioner. Minn. Stat. § 518B.01, subd. 6(g).

Minnesota Statute § 518B.01, subd. 6(g) states as follows:

> [a]n order granting relief *shall* prohibit the abusing party from possessing firearms for the length the order is in effect if the order (1) restrains the abusing party from harassing, stalking, or threatening the petitioner or *restrains the abusing party from engaging in other conduct that would place the petitioner in reasonable fear of bodily injury*, and (2) includes a finding that the abusing party represents a credible threat to the physical safety of the petitioner or *prohibits the abusing party form*

> *using, attempting to use, or threatening to use physical force*
> *against the petitioner.* The order shall inform the abusing party
> of that party's prohibited status.

(Emphasis added). "Unless another intention clearly appears," a statute's use of the word "shall" indicates that the act to be performed is mandatory. Minn. Stat. § 645.44, subd. 1, 16 (2022); *see Anoka Cnty. v. L. Enf't Lab. Servs., Inc.*, 3 N.W.3d 586, 592 (Minn. 2024) (citing Minn. Stat. § 645.44, subd. 16 (2022)).

Here, both statutory requirements appear to have been met. The order on appeal here extended the May 20, 2021, OFP. That underlying OFP (1) restrained Hanson from engaging in conduct that would "reasonably be expected to cause bodily injury," and (2) prohibited Hansen from using, attempting to use, or threatening to use physical force that would put Luthens in reasonable fear of bodily injury. Given that the OFP was extended by the May 31, 2023, order *after appropriate notice and a hearing,* the district court's extension order should have addressed the requested firearms restriction and included provisions satisfying the notification and transfer provisions of Minnesota Statutes § 518B.01, subd. 6(g).[3] Accordingly, we reverse and remand this issue for the district court to either (1) include a firearm restriction in the extension order or (2) explain why it is not including a provision prohibiting Hansen from possessing firearms.

**Affirmed in part, reversed in part, and remanded.**

---

[3] Minnesota Statutes § 518B.01, subd. 6(g) also indicates that "[e]xcept as provided in paragraph (i), the court shall order the abusing party to transfer any firearms that the person possesses, within three business days, to a federally licensed firearms dealer, a law enforcement agency, or a third party who may lawfully receive them." Thus, if the statute requires that a firearm prohibition provision be included, these provisions must be included as well.