*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1377**

In the Matter of:

Tammy Alberts,
Respondent,

vs.

Joseph Alberts,
Appellant.

**Filed June 24, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Steele County District Court
File No. 74-FA-20-978

Tammy Alberts, Faribault, Minnesota (pro se respondent)

Joseph Alberts, Medford, Minnesota (pro se appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Tracy M., Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Joseph Alberts challenges the district court's grant of a subsequent order for protection (OFP) in favor of respondent Tammy Alberts. Appellant argues that (1) the record does not support the grant of the subsequent OFP and (2) basing the subsequent

OFP on his two violations of a prior OFP deprives him of his constitutional rights because he was not criminally convicted of those violations. We affirm.

**FACTS**

*Initial OFP*

In June 2020, respondent filed an affidavit and petition seeking an OFP against appellant on behalf of herself and the parties' three minor children. The affidavit and petition contained several allegations of domestic abuse inflicted by appellant against respondent and the children.

The district court granted an emergency ex parte OFP in favor of respondent and the children. Upon appellant's request, the district court held an evidentiary hearing, during which respondent, appellant, and a court-appointed guardian ad litem testified.

After the hearing, the district court granted the OFP in favor of respondent. Based on respondent's testimony, the district court found that appellant physically assaulted respondent on at least one occasion and that she reasonably feared imminent physical harm or assault. The district court denied the OFP in favor of the children.

*Extended OFP*

In June 2022, before the initial OFP was set to expire, respondent filed a request for an extension of the OFP.[1] In her request, respondent alleged that appellant had violated the OFP more than two times. She gave two dates on which appellant violated the OFP, and

_____

[1] Before this, respondent filed a request to amend the OFP to allow limited contact through mediation and communication through appellant's brother as the parties worked on their marital-dissolution case. The district court granted the request and amended the OFP accordingly.

2

she specifically described that, on the second date, appellant sent her a long text message pointing out that the OFP was over and stating that he would "drag the [parties'] divorce out" if she didn't "end her stuff." Respondent also alleged that appellant used his brother to threaten her. Respondent stated that she was still fearful of appellant and explained that they were going through a divorce and he might "come after or harass her to get his way."

Based on the allegations in respondent's request, the district court ordered an extension of the OFP without a hearing. Upon appellant's request, the district court held an evidentiary hearing, at which both parties appeared. The district court thereafter granted a one-year extension of the OFP in favor of respondent.

### *Subsequent OFP*

In July 2023, before the extended OFP expired, respondent filed another request to extend the OFP. In her request, respondent alleged that appellant violated the OFP several times via messages sent over Our Family Wizard.[2] Respondent alleged that, over the course of approximately three months, appellant sent her messages accusing her of parental alienation, making comments like, "I'm sorry your life hasn't improved. I'm sorry you can't see the common denominator is you" and "Is it safe to assume your never gonna go to the court and tell them everything you said was fiction?," and creating a repeating calendar notification that popped up every time that respondent logged into Our Family Wizard, saying, "[U]ndo lie." Respondent reported two violations of the OFP, which resulted in two separate criminal investigations. Respondent stated that, without the OFP,

---

[2] Our Family Wizard is a court-approved communication tool for families that have difficulty with communication.

3

she was afraid that the harassment and abuse would "only escalate and further impact [her] life" and that appellant would "continue to push boundaries without being held accountable."

After a hearing, at which both parties appeared, the district court ordered the subsequent OFP at issue here. The district court based the subsequent OFP on its determinations that (1) appellant violated the OFP that was previously in place and (2) respondent was reasonably in fear of physical harm.

Appellant appealed from the subsequent OFP. Respondent did not file a brief, and we determine this case on the merits under Minnesota Rule of Civil Appellate Procedure 142.03.

## DECISION

Appellant challenges the subsequent OFP on two bases: (1) the record does not support granting the subsequent OFP and (2) his rights under the Fifth, Sixth, and Seventh Amendments to the United States Constitution were infringed because one basis upon which the subsequent OFP was issued was appellant's having twice violated the prior OFP, even though he has not been criminally convicted of those violations.[3]

---

[3] We note that the conclusion of appellant's brief also references an order in the dissolution proceedings and asserts that the decision in that order regarding custody of the children is based on errors made in the initial OFP proceeding. The order in the dissolution case is outside the scope of appellant's appeal, which is limited to the subsequent OFP that he is appealing. In addition, any claim of error that appellant asserts regarding the initial OFP is not properly before this court. "Unless a different time is provided by statute, an appeal may be taken . . . from an appealable order within 60 days after service by any party of written notice of its filing." Minn. R. Civ. App. P. 104.01, subd. 1. Minnesota Statutes section 518B.01 (2020) does not provide a different deadline for appeal. The initial OFP was issued in 2020. Appellant did not appeal the initial OFP and cannot now collaterally attack that order, which became final when the appeal period expired. *See State v. Romine*,

Appellate courts review a district court's decision to grant an OFP for an abuse of discretion. *Thompson v. Schrimsher*, 906 N.W.2d 495, 500 (Minn. 2018). The district court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted).

## I. Because appellant did not include a transcript of the subsequent OFP proceeding, we cannot determine that the record was inadequate to support the grant of the subsequent OFP.

Appellant argues that the district court erred by granting the subsequent OFP because it is based on "accusations" by respondent for which "no evidence" was presented to confirm their veracity. Appellant has failed to provide a sufficient appellate record for this court to review his claim of error.

"Appellate courts cannot presume error by the district court, and the complaining party has the obligation to provide the appellate court with a record sufficient to show any alleged error." *Butler v. Jakes*, 977 N.W.2d 867, 873 (Minn. App. 2022). It is the appellant's duty to order a transcript "of those parts of the proceedings not already part of the [appellate] record which are deemed necessary for inclusion in the [appellate] record." Minn. R. Civ. App. P. 110.02, subd. 1(a).

Appellant did not provide this court with a transcript of the hearing upon which the subsequent OFP is based.[4] He provided only a partial transcript of the hearing upon which

757 N.W.2d 884, 890 (Minn. App. 2008) (holding that an OFP "is a final judgment" after expiration of the appeal period and "may not . . . [be] collaterally attack[ed]" thereafter), *rev. denied* (Minn. Feb. 17, 2009).

[4] We note that, in appellant's statement of the case, he indicated that no transcript was necessary.

the initial OFP was based.[5] When an appellant does not provide the hearing transcript, "[w]e are limited to determining whether the trial court's findings of fact support its conclusions of law." *Id.* Appellant does not argue that the findings of fact do not support the district court's legal conclusions.

Without the transcript, we cannot determine whether the district court record supports the district court's findings of fact. Appellant's argument that the subsequent OFP is not supported by the record evidence therefore fails.

## II. The district court did not err by relying on appellant's violations of the prior OFP, for which appellant has not been convicted, in granting the subsequent OFP.

Appellant asserts that granting the subsequent OFP on the basis that he violated the previous OFP is a violation of his rights under the Fifth, Sixth, and Seventh Amendments to the United States Constitution because he has not been criminally convicted of the violations.

Minnesota Statutes section 518B.01, subdivision 6a(b) (2022), provides that a district court may grant a subsequent OFP upon a showing that:

> (1) the respondent has violated a prior or existing order for protection;
> (2) the petitioner is reasonably in fear of physical harm from the respondent;
> (3) the respondent has engaged in the act of harassment within the meaning of section 609.749, subdivision 2; or

---

[5] We also note that appellant appears to argue that the record does not support the factual findings underlying the initial OFP. As discussed in footnote 3, appellant cannot collaterally attack the initial OFP in this appeal. And even if we could properly review the factual findings underlying the first OFP, appellant's failure to provide a complete transcript would still preclude review of any issue other than the district court's legal conclusions. *See Am. Fam. Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 925 (Minn. App. 1995), *rev. denied* (Minn. Apr. 27, 1995).

(4) the respondent is incarcerated and about to be released, or has recently been released from incarceration.

The district court found that appellant violated a prior order for protection, which is the basis identified in clause (1).

As an initial matter, we note that, although we have not addressed the specific constitutional arguments that appellant makes on appeal, we have held that clause (1) does not, as a matter of statutory interpretation, require a conviction for violating an OFP and that a district court does not abuse its discretion by relying on its finding of a violation of an OFP rather than on a conviction. *See Ekman v. Miller*, 812 N.W.2d 892, 896 (Minn. App. 2012). With that, we turn to appellant's constitutional arguments.

Appellant generally asserts that ordering a subsequent OFP based on his violations of a prior OFP, for which he has not been criminally convicted, violates his rights under the Fifth Amendment. The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. But, beyond his mere assertion, appellant has provided no argument that he was denied the due process required in a civil OFP proceeding. And a review of the record demonstrates that appellant received adequate notice and an opportunity to be heard. *See Beardsley v. Garcia*, 731 N.W.2d 843, 850 (Minn. App. 2007) (rejecting due-process challenge to OFP when appellant had notice and opportunity to be heard and failed to show how other procedures were needed to protect her interests), *aff'd*, 753 N.W.2d 735 (Minn. 2008). We therefore discern no violation of appellant's rights under the Fifth Amendment. *See Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944) ("[O]n appeal error is never presumed.

It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it.").

Appellant also cites the Sixth Amendment, which specifically applies to "criminal prosecutions" and guarantees the right to a public trial. U.S. Const. amend. VI. An OFP proceeding is not a criminal prosecution, and therefore the Sixth Amendment does not apply. *Cf. Rew v. Bergstrom*, 845 N.W.2d 764, 794 (Minn. 2014) (concluding that constitutional protection against ex post facto laws does not apply to OFPs because they are civil remedies, not criminal penalties). We again discern no violation of appellant's constitutional rights under the Sixth Amendment. *See Waters*, 13 N.W.2d at 464-65.

Finally, appellant cites the Seventh Amendment, which guarantees the right to a jury trial in civil matters "where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. This case does not involve a monetary dispute, and appellant does not provide any explanation beyond the mere assertion that the Seventh Amendment applies and was violated. We therefore discern no violation of appellant's constitutional rights under the Seventh Amendment. *See Waters*, 13 N.W.2d at 464-65.[6]

Finally, even if the district court abused its discretion by relying on the violations of the prior OFP in issuing the subsequent OFP, it was not reversible error because appellant was not prejudiced by the error. *See* Minn. R. Civ. P. 61 (requiring that a complaining party show that an error is prejudicial and that harmless error be ignored). As noted above, the statute identifies four bases on which a subsequent OFP may be ordered.

---

[6] We also note that we have previously explained that domestic-abuse matters are special proceedings that, while requiring hearings, do not require trials as in other civil matters. *See Steeves v. Campbell*, 508 N.W.2d 817, 818 (Minn. App. 1993).

*See* Minn. Stat. § 518B.01, subd. 6a(b)(1)-(4). In listing the bases, the legislature used the term "or." "'Or' is a disjunctive term, requiring that only one of the possible factual situations linked by the 'or' be present." *Thompson*, 906 N.W.2d at 499 (quotation omitted). Here, the district court found not only that appellant had violated a prior OFP, *see* Minn. Stat. § 518B.01, subd. 6a(b)(1), but also that respondent had reasonable fear of physical harm, *see* Minn. Stat. § 518B.01, subd. 6a(b)(2), which served as an independent basis upon which to grant the subsequent OFP. *Braend v. Braend*, 721 N.W.2d 924, 927 (Minn. App. 2006) (explaining that a petitioner need only show one of the four alternative bases provided in subdivision 6a[7]). We therefore conclude that, even if there were error in relying on appellant's violations of the prior OFP, the error was harmless and is not a basis to reverse.

**Affirmed.**

---

[7] We note that *Braend* examined a prior version of subdivision 6a. Minn. Stat. § 518B.01, subd. 6a (2004). Since then, the legislature has expanded subdivision 6a, and the statutory language that *Braend* examined, which has been left substantively unchanged, is now contained in subdivision 6a(b). 2016 Minn. Laws ch. 141, § 1, at 273-74.